[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-10535
_____

D. C. Docket No. 01-00469-CR-UUB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 11, 2002
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL MORALES-CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 11, 2002)**

Before EDMONDSON, Chief Judge, ANDERSON, Circuit Judge, and POGUE*,
Judge.

_____
*Honorable Donald C. Pogue, Judge of the United States Court of International Trade, sitting by
designation.

POGUE, Judge:

Defendant-Appellant Jose Angel Morales-Castillo ("Morales-Castillo") appeals the district court's order imposing a seventy-one (71) month sentence for illegal re-entry after deportation to run consecutively to a nine (9) year Florida state sentence for violation of probation. Morales-Castillo contends that the district court failed to apply United States Sentencing Guidelines § 5G1.3(b) (2002) ("U.S.S.G."), which instead calls for the imposition of a concurrent sentence. Because the base offense level was increased by sixteen (16) as a result of his prior aggravated felony conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(A),[1] Morales-Castillo argues that his undischarged state sentence was fully taken into account in the determination of the offense level for the instant offense. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 (2000) and 18 U.S.C. § 3742.

This Court reviews the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo. United States v. Bradford, 277 F.3d 1311, 1312 (11th Cir. 2002) (citing United States v. McClendon, 195 F.3d 598, 600 (11th Cir. 1999)).

I.

---

[1]Section 2L1.2(b)(1)(A) of the Sentencing Guidelines provides that "[i]f the defendant previously was deported . . . after----(A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A).

In 1997, Morales-Castillo was convicted in Florida state court of an aggravated felony and sentenced to ten (10) years probation and forty (40) days in state prison. He subsequently was deported by the Immigration and Naturalization Service on June 17, 1998.

On July 7, 2000, Morales-Castillo was found in the United States without permission from the Attorney General. As a result, his state probation was revoked on February 16, 2001, and Defendant was sentenced to a nine (9) year term of imprisonment. Thereafter, a federal grand jury returned a one-count indictment charging Morales-Castillo with illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a), (b)(2). In accordance with a written plea agreement, Morales-Castillo pled guilty to the illegal re-entry offense.

The probation office completed a Pre-Sentence Investigation Report ("PSI"), assigning a base level of eight (8) pursuant to § 2L1.2(a) of the Sentencing Guidelines. Because Morales-Castillo was deported after conviction for a felony that is considered a crime of violence, the probation officer increased Morales-Castillo's base offense level by sixteen (16) pursuant to § 2L1.2(b)(1)(A) of the Guidelines. Morales-Castillo received a three-level reduction for timely recognition and affirmative acceptance of responsibility, setting the guideline imprisonment range at fifty-seven (57) to seventy-one (71) months. Because

Morales-Castillo was serving a term for violation of probation at the time of the instant offense, the probation officer further recommended the sentence should be imposed to run consecutively to Morales-Castillo's undischarged term of imprisonment pursuant to §5G1.3, Comment, n.6.

Morales-Castillo objected to the PSI's consecutive sentence recommendation, arguing that his undischarged state sentence was fully taken into account in the determination of the offense level for the instant offense. The district court overruled Morales-Castillo's objection and sentenced him to seventy-one (71) months of imprisonment, to be served consecutively to the state court sentence, and three years of supervised release.

## II.

The imposition of a sentence on a defendant who was convicted of a crime while serving an undischarged term of imprisonment for a prior conviction is governed by U.S.S.G. § 5G1.3. At the time of Morales-Castillo's sentence, that section read as follows:

> Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment:
> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

4

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
> (c) (Policy Statement)  In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3.

Our decision in the instant appeal is guided by the Fifth Circuit's reasoning in United States v. Reyes-Lugo, 238 F.3d 305, 308 (5th Cir. 2001).  As in Reyes-Lugo, Morales-Castillo's undischarged term of imprisonment resulted from his violation of state probation.  The sixteen-level increase, however, was applied under U.S.S.G. § 2L1.2(b)(1)(A) because Morales-Castillo illegally re-entered the United States after having been deported following his conviction for an aggravated felony.  The district court's application of the adjustment under U.S.S.G. § 5G1.3(b) was not dependent upon the revocation of the state probation, as the adjustment would have applied under U.S.S.G. § 2L1.2(b)(1)(A) whether or not Florida chose to revoke Morales-Castillo's probation.  Therefore, the undischarged state imprisonment term was not fully taken into account in the determination of the offense level for the illegal re-entry after deportation offense.

5

Accordingly, section 5G1.3(b) does not apply in this instance.

Rather, Morales-Castillo's sentence was properly determined under section 5G1.3(c) and Application Note 6 of the Sentencing Guidelines. Application Note 6 states that:

> [i]f the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

U.S.S.G. § 5G1.3, cmt. n.6. Because Morales-Castillo's state probation had been revoked, under section 5G1.3(c) and Application Note 6, the district court properly ordered that the sentence for the illegal re-entry offense run consecutively to the state sentence for violation of probation. See also United States v. Flowers, 13 F.3d 395, 397 (11th Cir. 1994) ("The intended purpose of section 5G1.3(b) is to effectively 'credit [] for guidelines purposes' defendants who have already served time—generally in another jurisdiction—for the same conduct or course of conduct.") (quoting U.S.S.G. § 5G1.3(b) cmt. n.2).

Morales-Castillo argues in the alternative that the district court erred when

it failed to exercise its discretion under Note 6 and impose a concurrent sentence.[2]

This Court, however, is not persuaded by Morales-Castillo's argument because there is no evidence in the record that the district court believed it was required to impose a consecutive sentence. Rather, the district court chose to impose a consecutive sentence because "Morales-Castillo's criminal history reflects that he needs to just remain incarcerated for as long as the law will permit." Sentencing Hrg. at 6.

After reviewing the parties' briefs and the record, and upon considering the arguments of counsel, we find that the district court properly imposed a consecutive sentence for the instant offense. Therefore, the district court's order is

**AFFIRMED.**

---

[2]We note a circuit split on the issue of whether Application Note 6 imposes a mandatory obligation on the district courts. Compare United States v. Goldman, 228 F.3d 942, 944 (8th Cir. 2000) (holding that Application Note 6 imposes a mandatory obligation on the district courts), cert. denied, 531 U.S. 1175, 121 S. Ct. 1149, 148 L. Ed. 2d 1011 (2001); United States v. Alexander, 100 F.3d 24, 26-27 (5th Cir. 1996), cert denied, 520 U.S. 1128, 117 S. Ct. 1273, 137 L. Ed. 2d 350 (1997) (same); United States v. Gondek, 65 F.3d 1, 2-3 (1st Cir. 1995) (same); United States v. Bernard, 48 F.3d 427, 431-32 (9th Cir. 1995) (same); with United States v. Swan, 275 F.3d 272, 279-80 (3d Cir. 2002) (holding that Application Note 6 is not mandatory); United States v. Tisdale, 248 F.3d 964, 977-80 (10th Cir. 2001) (same); United States v. Maria, 186 F.3d 65, 70-73 (2d Cir. 1999) (same). As the district court imposed a consecutive sentence, we do not need to reach this issue in the present case.