[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12882
Non-Argument Calendar
_____

D. C. Docket No. 03-00293-CR-JOF-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN SHEROY TERRELL,
a.k.a. Gary Boggins,
a.k.a. Alvin Adams,
a.k.a. Alvin Sherry Terrell,
a.k.a. David Phillips,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 1, 2005)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Alvin Sheroy Terrell appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e).

## I. Background

Terrell was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). The indictment listed nine previous convictions including a state burglary conviction that was the underlying offense related to the instant firearm offense.

At trial, the evidence established the following: a witness identified Terrell as the man he had seen crawling through a window of an apartment complex. Police, who had been summoned, observed Terrell exit from a doorway in another building carrying a backpack. Terrell spotted the police and started running away. The police chased Terrell, eventually subduing him with pepper spray, and searched the backpack, finding a .22 caliber revolver.

The burglary victim testified that the .22 caliber firearm was the one stolen from his apartment and that the backpack did not belong to him. The government moved to admit a record of Terrell's guilty plea to the burglary, but Terrell objected to the admission of extrinsic evidence and he stipulated that he had a prior felony conviction under §§ 922(g) and 924(e).[1] The court overruled the objection

---

[1] Although defense counsel objected to the admission of the guilty plea, counsel did not oppose the admissibility of a redacted certified copy of the burglary conviction.

and admitted a copy of Terrell's guilty plea.

ATF Agent Kevin Srivastava identified the gun and testified that he had obtained it as part of the federal investigation of the case involving a "multi-convicted felon." Defense counsel objected to this statement and the court instructed the jury to disregard it. Defense counsel moved for a mistrial, which the court denied.

ATF Agent Wade Torp, testifying as an expert, stated that the firearm had crossed state lines because it was manufactured between 1904 and 1942 in Massachusetts and the manufacturer did not have any sites in Georgia.

At the conclusion of this testimony, the government rested its case-in-chief. Defense counsel moved for judgment of acquittal, asserting that (1) the government had not proven the interstate nexus requirement; (2) the court erred in introducing the extrinsic evidence of the burglary conviction, and (3) the testimony that Terrell was a "multi-convicted felon" was prejudicial. The district court denied the motion.

Terrell did not testify and defense counsel did not call any witnesses. In instructing the jury, the district court explained that Terrell had stipulated to the element of a prior conviction, and the court reminded the jury that evidence of his burglary conviction must not be considered as evidence of guilt. The jury

3

convicted Terrell.

The probation officer prepared a presentence investigation report ("PSI") assigning a base offense level of 24 because Terrell had at least two prior convictions for crimes of violence. After other enhancements not relevant to this appeal, Terrell's adjusted offense level was 30. However, this level was increased to 34 under the Armed Career Criminal provision, U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e), because Terrell used the firearm in connection with the commission of a crime of violence and because Terrell had twenty-one criminal history points, resulting in a criminal history category VI. With a total offense level of 34 and a criminal history category VI, the guidelines range was 262 to 327 months imprisonment, although the offense carried a mandatory minimum sentence of 15 years imprisonment. Additionally, the probation officer noted that Terrell had two outstanding state court sentences – four years for probation revocation, and four years for the burglary conviction associated with the instant offense – for which the court could impose consecutive sentences. Terrell did not file any objections to the PSI.

At sentencing, Terrell admitted that the predicate crimes existed under the armed career criminal provision, but he asserted that the sentence he faced was unduly harsh and he urged the court to sentence him at the low end of the

guidelines and to impose concurrent sentences. The court explained that it had no discretion under the guidelines and sentenced Terrell to 262 months imprisonment. The court further ordered that the federal sentence run consecutive to his sentence for probation revocation because the revocation needed additional punishment. Terrell objected to the consecutive sentences.

## II. The Appeal

On appeal, Terrell argues that (1) the court erred by admitting extrinsic evidence of his guilty plea in the state burglary case; (2) the court improperly denied his motion for a mistrial; (3) his sentence as an armed career criminal is unconstitutional in light of United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and (4) the court erred by imposing consecutive sentences.[2]

### A. Extrinsic Evidence

We review a district court's evidentiary rulings for abuse of discretion, but will not reverse if the error had "no substantial influence on the outcome." United States v. Gunn, 369 F.3d 1229, 1236 (11th Cir.), cert. denied, 125 S.Ct. 324 (2004); see also Fed.R.Crim.P. 52(a) (noting that errors that do not affect

---

[2] Terrell also asserts that the court erred by denying his motion for a mistrial because the government failed to prove the interstate nexus element of the offense and that § 922(g) is unconstitutional. Because this court has rejected these arguments, we need not discuss them further. See United States v. Clay, 355 F.3d 1281, 1286 (11th Cir.), cert. denied, 125 S.Ct. 626 (2004); United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997); United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996).

substantial rights must be disregarded).  An error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights."  United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990).

Federal Rule of Evidence 404(b) provides

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404(b).

"To be admissible, 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act;[3] and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403."[4]  United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000); see also United States v. Matthews, No. 03-15528 slip op. at 2535 (11th Cir. June 8, 2005).

---

[3]  The prior conduct was proven sufficiently, as the government proffered a certified copy of the guilty plea, and Terrell does not dispute the validity of the evidence.

[4]  Rule 403 states: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Evid. 403.  Rule 403 is "an extraordinary remedy which the district court should invoke sparingly, and [t]he balance . . . should be struck in favor of admissibility."  United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003) (citation and internal quotation marks omitted).

Here, Terrell's burglary conviction was relevant to the issue of whether Terrell knew he possessed the firearm, which Terrell placed in issue by pleading not guilty to the firearm offense.[5] United States v. Jernigan, 341 F.3d 1273, 1282 n.7 (11th Cir. 2003). The only issue is whether the prejudice of this evidence outweighed its probative value.

Here, the district court properly admitted the extrinsic evidence of the related burglary conviction, as it's prejudicial effect did not outweigh the probative value. The judge issued limiting instructions to the jury reminding them that the burglary conviction could not be used alone to determine Terrell's guilt for the firearm offense. See Jernigan, 341 F.3d at 1282 (holding that "any unfair prejudice that may have existed was mitigated by the district judge's limiting instruction."); United States v. Wilson, 149 F.3d 1298, 1302 (11th Cir. 1998) (presuming that a jury follows the court's instructions).

Moreover, any potential error in the admission of this evidence was harmless. Compare Matthews, slip op. at 2535-41 (finding error not harmless

---

[5] Terrell's reliance on Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), is misplaced. In that case, the government sought to admit evidence of prior violent felonies in order to establish that the defendant had a prior felony conviction, and the defendant had offered to stipulate to the prior convictions. 519 U.S. at 191-92. In contrast, in this case, the government is offering the evidence to establish Terrell's knowledge. The evidence did not apply to whether Terrell had a prior conviction as required under § 922(g). The U.S. Supreme Court did not discuss the evidence in the context of this first prong of the test, and, therefore, Old Chief is not dispositive.

when the government needed the extrinsic evidence to meet its "heavy burden" of proving the defendant's intent to conspire). The government presented sufficient evidence at trial, aside from the burglary conviction, from which a reasonable jury could have determined that Terrell stole the firearm that was found in his possession. Evidence that forms an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted" is admissible even if it tends to reflect negatively on the defendant's character. United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989). Here, the burglary conviction placed the firearm offense in context. Accordingly, there was no error in the admission of this evidence.

B. Motion for a Mistrial

A district court's denial of a motion for mistrial is reviewed for abuse of discretion.[6] United States v. Abraham, 386 F.3d 1033, 1037 (11th Cir. 2004). When a curative instruction has been given, this court will reverse only if the evidence "is so highly prejudicial as to be incurable by the trial court's admonition." United States v. Harriston, 329 F.3d 779, 787 n.4 (11th Cir. 2003). To justify the grant of a mistrial, the defendant must show that he was substantially

---

[6] "The decision of whether to grant a mistrial lies within the sound discretion of a trial judge as he or she is in the best position to evaluate the prejudicial effect of improper testimony." United States v. Perez, 30 F.3d 1407, 1410 (11th Cir. 1994).

prejudiced. United States v. Chastain, 198 F.3d 1338, 1352 (11th Cir. 1999). "[This court] determine[s] whether an error had substantial influence on the outcome by weighing the record as a whole." See United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999).

Here, the district court did not abuse its discretion in denying the mistrial. The statement that Terrell was a multi-convicted felon was a single, isolated statement, and the jury was instructed to disregard it. We presume the jury followed the court's instructions. United States v. Chandler, 996 F.2d 1073, 1088 (11th Cir. 1993). Moreover, Terrell cannot show substantial prejudice from the comment as the evidence in this case was overwhelming. The victim of the burglary testified that his gun was stolen, a witness identified Terrell as the man seen climbing into the victim's residence through the window, and Terrell fled from the scene. See, e.g., United States v. Wright, 392 F.3d 1269, 1278 (11th Cir. 2004), petition for cert. filed, (No. 04-9034) (Mar. 7, 2005). Under these facts, Terrell cannot show substantial prejudice.

C. Booker

When a defendant fails to object to an error before the district court, we review the argument for plain error. United States v. Rodriguez, 398 F.3d 1291, 1300–01 (11th Cir.), petition for cert. filed, (No.04-1148) (Feb. 23, 2005).

9

In Booker, 125 S.Ct. 738, the Supreme Court held that the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. 125 S.Ct. 738. This court has explained that a Booker error also results from the district court's use of a mandatory guidelines scheme, even in the absence of any constitutional error. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

There was no constitutional error in the application of the armed career criminal provisions. First, under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, a defendant is an armed career criminal if he has three previous convictions for, inter alia, violent felonies. Burglary qualifies as a violent felony. 18 U.S.C. § 924(e)(1), (2)(B)(ii); see also United States v. Johnson, 399 F.3d 1297, 1302 (11th Cir. 2005) (stating that burglary is a crime of violence under § 4B1.1). Here, the indictment alleged that Terrell had more than three prior burglary convictions. Additionally, Terrell conceded that his criminal history established the predicate offenses. Accordingly, there was no constitutional error under Booker.

Additionally, although this court has recognized that there is a statutory error in the mandatory application of the guidelines, to be entitled to relief, Terrell must

10

establish that his sentence would have been different but for the mandatory application of the sentencing guidelines. Shelton, 400 F.3d at 1331. Terrell's burden to show that his substantial rights were affected is very high, and he fails to meet this burden. Although the district court stated at sentencing that it had no discretion under the guidelines and sentenced Terrell at the low end of the guideline range, the court did not indicate that it would have sentenced Terrell differently had it known the guidelines were advisory. In the absence of a more definitive statement from the court, Terrell cannot meet his burden. United States v. Fields, No. 04-12486 (11th Cir. May 16, 2004) (holding that sentencing at the low end of the guideline range, without more, will not meet the plain error test). But see United States v. Henderson, No. 04-11545 (11th Cir. May 23, 2005) (vacating and remanding when district court sentenced defendant to the low end of the guidelines range and indicated that the sentence was "a little high" but that it was obligated to follow the guidelines); United States v. Martinez, 407 F.3d 1170 (11th Cir. 2005) (vacating and remanding under plain error test because the court expressed its frustration at the guidelines sentence).

### D. Consecutive Sentences

The district court's application of § 5G1.3 is a question of law that we review de novo. United States v. Bidwell, 393 F.3d 1206, 1208-09 (11th Cir.

11

2004).

The district court properly imposed consecutive sentences. Terrell faced two undischarged state sentences - one for the burglary that formed the basis for the federal § 922(g) offense, and one for parole revocation. As the guidelines explain, the undischarged burglary sentence would qualify as relevant conduct because it formed the basis for the instant § 922(g) offense, and, therefore, any burglary sentence should run concurrently with the § 922(g) sentence under § 5G1.3(b). See U.S.S.G. § 5G1.3(b).[7] The parole revocation sentence, however, would fall under § 5G1.3(c), and the court had discretion to impose consecutive sentences. United States v. Morales-Castillo, 314 F.3d 561, 563-64 (11th Cir. 2002). Moreover, the court explained that consecutive sentences were appropriate because the court found the need to increase the punishment to account for the parole violation. As the commentary recommends and expressly provides for consecutive sentences in these "complex" circumstances, there was no error.

---

[7] Under U.S.S.G. § 5G1.3, when a defendant is subject to a term of imprisonment for more than one offense, the terms should run concurrently when one of the offenses serves as relevant conduct to the other offense. U.S.S.G. § 5G1.3(b). The guidelines commentary, however, recommends that consecutive sentences are appropriate when the undischarged term of imprisonment results from revocation of parole. U.S.S.G. § 5G1.3, comment. (n.3(C)). Moreover, as the commentary explains, when the case involves complex situations, such as different undischarged terms of imprisonment subject to different guidelines, the court has the discretion to impose sentence in an appropriate manner to achieve reasonable punishment. U.S.S.G. § 5G1.3, comment. (n.3(D)).

### III. Conclusion

For the foregoing reasons, we **AFFIRM** Terrell's conviction and sentence.