In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1389

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHITTAKONE BANGSENGTHONG,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07-20069—**Michael P. McCuskey**, *Chief Judge.*

ARGUED DECEMBER 3, 2008—DECIDED DECEMBER 19, 2008

Before EASTERBROOK, *Chief Judge*, and MANION and
WOOD, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Chittakone Bangsengthong
pleaded guilty to a conspiracy that included four armed
bank robberies; he also pleaded guilty to substantive
charges based on two of those robberies. His sentence is 88
months' imprisonment, which seems low—but
Bangsengthong says that it is too high because it runs
consecutively to time he is serving in state prison. Most of
the state time reflects conduct during the attempted escape

from the fourth robbery. While Bangsengthong was driving the getaway car at high speed and ignoring all traffic rules (endangering other drivers and pedestrians alike), another of the gang fired two shots at a pursuing police car. One bullet hit the car, though not an officer. The chase ended when Bangsengthong plowed the gang's car into a wall. Bangsengthong received 20 years for the attempt to kill a police officer; he was accountable as a conspirator. While in state prison, Bangsengthong filed off a toothbrush to turn it into a weapon; he got three more years for that crime. The federal district judge concluded that Illinois is likely to release Bangsengthong after he has served about 12 years; 88 months for the bank robberies takes the total to 230 months' imprisonment.

According to Bangsengthong, a consecutive sentence violates U.S.S.G. §5G1.3(b), which says that the federal sentence must run concurrently with any other sentence (state or federal) that "resulted from another offense that is relevant conduct to the instant offense . . . and that was the basis for an increase in the offense level for the instant offense". The prosecutor concedes that the state sentence for firing the gun comes within §5G1.3(b) but observes that the state sentence for possessing a weapon in prison does not, and he contends that when any earlier sentence falls outside §5G1.3(b) then §5G1.3(c) gives the district judge discretion to choose between consecutive and concurrent sentences. See also §5G1.3 Application Note 3(D): "Occasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules. In such a case, the court may

exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense." To this Bangsengthong responds that discretion to start the federal sentence after the 3-year state term does not (at least, need not) imply discretion to postpone the federal sentence until after the 20-year state term.

After *United States v. Booker*, 543 U.S. 220 (2005), a debate about how much discretion the Guidelines themselves confer has the air of the scholastic. For *Booker* made all Guidelines advisory; the judge must understand what sentence the Guidelines recommend but need not impose it. See also, e.g., *Kimbrough v. United States*, 128 S. Ct. 558 (2007); *Gall v. United States*, 128 S. Ct. 586 (2007). Even before *Booker* §5G1.3 was effectively advisory whenever the federal maximum sentence was high enough to let the judge choose between concurrent and consecutive sentences.

Suppose a defendant, serving a 10-year state term, has committed a series of related offenses that the federal judge thinks justifies 20 years in prison. As long as the federal maximum is at least 20 years, the judge can choose between a 20-year sentence concurrent with the state sentence and a 10-year sentence consecutive to the state sentence. These come to the same thing. If the federal cap were under 20 years, then an obligation to make the sentences run concurrently would reduce the defendant's total punishment. Otherwise, however, §5G1.3 does nothing but alert the judge that an appropriate sentence

depends in part on sentences already meted out. (In other words, a federal judge who thinks that the defendant should spend 20 years in prison for all related offenses should not impose a 20-year federal term consecutive to a 10-year state term; that would mess things up by any standard.)

Bangsengthong pleaded guilty to three federal crimes. Each of the two bank-robbery convictions authorizes a sentence of 25 years, 18 U.S.C. §2113(d), and the conspiracy conviction adds five, 18 U.S.C. §371, for a maximum of 55 years. The district court could have imposed a 230-month sentence, running concurrently with the state sentence, and so produced the same result as 88 months consecutive to the state sentence. Bangsengthong can't complain about the choice of method. (He seems to think that, if the sentences must be concurrent, we would convert 88 months consecutive to 88 months concurrent, and the federal sentence would effectively disappear. Not at all. We would instead remand for the district judge to impose a concurrent sentence consistent with his original objectives.)

Actually, defendants should prefer the federal sentence to be consecutive when the federal maximum is high enough to allow the judge to use either a consecutive or a concurrent sentence. For when the federal sentence is consecutive to the state sentence, any reduction in the time served under the state sentence cuts the total time in custody. A defendant who can earn extra good-time credits, or win release on parole, or have the sentence commuted by the governor or reduced by the state judge, or vacated on collateral attack, then must serve only the

shorter federal term. The district judge thus did Bangsengthong a favor by giving him an 88-month consecutive sentence rather than a 230-month concurrent sentence.

What we have just said shows one reason why the Sentencing Commission preferred the federal sentence to be concurrent with the state sentence. A concurrent sentence not only protects the federal plan against unexpected events that affect the state sentence but also simplifies the federal judge's task. Before deciding that a consecutive 88-month term achieves his objective, the federal judge had to predict when Illinois would release Bangsengthong from his state convictions. Predictions may be incorrect, and whether correct or not they require resources to make and subject to adversarial testing at the sentencing hearing. Instead of relying on costly guesswork about what will happen to the state sentence, a federal judge generally should impose the sentence appropriate under federal law, to run concurrently with the state sentence—provided, as we have mentioned several times, that the federal maximum sentence is high enough for this procedure to work. After *Booker* the choice belongs to the district judge, but it should be made with recognition of the reasons why a concurrent sentence often is best.

At oral argument Bangsengthong's lawyer contended that, if we treat the federal sentence as equivalent to a 230-month term running concurrently with his state sentences, then it is unreasonably long. Yet he does not contend that the judge miscalculated his range under the Sentencing Guidelines (151 to 188 months) or failed to evaluate the

criteria of 18 U.S.C. §3553(a) when deciding to impose a sentence higher than what the Guidelines recommend. When explaining why Bangsengthong should spend 230 months behind bars, the district judge observed (among other things) that he is a career criminal, that his crimes are routinely violent, and that his federal sentence could have been much longer had the prosecutor added firearms charges to the bank-robbery charges. Appellate review of sentencing decisions is deferential, and a 230-month sentence for four armed bank robberies in which the robbers terrorized tellers and customers, endangered drivers and pedestrians, and tried to kill police, is not an abuse of discretion.

AFFIRMED