**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 27, 2009
Decided August 28, 2009
Amended September 9, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-3947

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-93 |
| GUADALUPE MACIAS-MARTINEZ, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

Guadalupe Macias-Martinez pleaded guilty to illegally reentering the United States after being deported following his prison term for drug trafficking. *See* 8 U.S.C. § 1326(b)(2). The district court applied the 16-level increase for aggravated felonies, *see* U.S.S.G. § 2L1.2, in calculating a guidelines imprisonment range of 57 to 71 months, but imposed a below-guidelines term, 52 months. Macias-Martinez filed a notice of appeal, but his counsel is unable to discern any nonfrivolous claims to pursue and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We address only the potential issues identified in counsel's supporting brief and Macias-Martinez's response under CIR. R. 51(b). *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Macias-Martinez reentered the United States a year after he was deported, and within six months he was again convicted in Wisconsin court of trafficking cocaine. He was sentenced to 90 days in prison and, on top of that, reimprisoned for approximately 18 months for violating the terms of the supervised release imposed as part of his original trafficking sentence. During that time, he was taken into federal custody, where he pleaded guilty to the immigration violation. The district court imposed a new sentence running concurrently with the reimprisonment term.

Macias-Martinez does not wish to challenge his guilty plea, so counsel appropriately refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first concludes, and we agree, that any challenge to the reasonableness of the sentence would be frivolous. The district court considered at length the sentencing factors set forth in 18 U.S.C. § 3553(a)(2) and imposed a sentence below the guidelines range. We accord a within-guidelines sentence a presumption of reasonableness, *see Rita v. United States*, 127 S.Ct. 2456, 2462-64 (2007); *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir.2008); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005), and the presumption is strengthened when the defendant is complaining about a sentence below the guidelines range applicable to his offense.

Counsel then considers whether Macias-Martinez could argue that the district court should have imposed a lesser prison term based on the allegedly substandard conditions of his presentencing confinement in Wisconsin prisons. At sentencing Macias-Martinez asserted that for the past nine months he spent 19 hours a day locked in his cell with limited access to a television, and that, as a result of his transfers between state and federal custody, he was unable to access all of the funds in his inmate account. And because he could not use those funds, he continued, he went without needed dental care and sundries that would have eased his time in jail. But, as counsel notes, conditions of presentencing confinement are not among the factors that judges must consider in crafting a sentence. *See* 18 U.S.C. 3553(a)(2); *United States v. Turner*, 569 F.3d 637, 642 (7th Cir. 2009). Even though a lower sentence might be justified by conditions of presentencing confinement that are extraordinarily harsh, *United States v. Campos*, 541 F.3d 735, 751 (7th Cir. 2008), there are two reasons why it would be frivolous for Macias-Martinez to claim that the district court had to address the circumstances of his detention. First, he presented no documentation showing that conditions were as unpleasant as he alleged. *See id.* Second, putting aside the evidentiary issue, the conditions Macias-Martinez described were not unusually harsh and thus did not merit the judge's attention. *See United States v. Ramirez-Gutierrez*, 503 F.3d 643,

646 (7th Cir. 2007) (poor ventilation, inadequate opportunities to exercise, and lack of dental care not so harsh as to warrant special consideration).

The final potential issue identified by counsel is the district court's failure to consider the absence of a "fast track" program for illegal reentry cases in the Eastern District of Wisconsin. We have consistently held that a sentencing judge in a district without a "fast track" program may not take into account the fact that similar defendants in districts operating such programs could receive lower sentences. *See United States v. Pacheco-Diaz*, 506 F.3d 545, 552 (7th Cir. 2007); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006). Those cases all, however, predate *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and other circuits are split on whether that decision requires them to reevaluate a district court's discretion to consider fast-track disparities. Compare *United States v. Rodríguez*, 527 F.3d 221, 229 (1st Cir. 2008) (overruling previous cases that held a district court lacked discretion), with *United States v. Gomez-Herrera*, 523 F.3d 554, 562 (5th Cir. 2008), *United States v. Vega-Castillo*, 540 F.3d 1235, 1238-39 (11th Cir.2008), and *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir. 2009). Even so, because Macias-Martinez never asked the court to exercise discretion, it would be frivolous to argue on appeal that it abused its discretion. *See United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006).

Macias-Martinez contends that the district court should have shortened his sentence based on the amount of time he had already served on his reimprisonment. He points to U.S.S.G. § 5G1.3(b)(1), which requires a district court to reduce a sentence to reflect time served on an undischarged prison term that was imposed for an offense already taken into account by the guidelines calculation. *See United States v. Bangsengthong*, 550 F.3d 681, 682 (7th Cir. 2008); *United States v. Knight*, 562 F.3d 1314, 1329 (11th Cir. 2009). By Macias-Martinez's reckoning, proper application of § 5G1.3(b) would have shaved eight months off his prison term. Yet application note 2(B) specifically explains that § 5G1.3(b) does not apply in a case like this, where the current offense is illegal entry and the prior offense was an aggravated felony. *See United States v. Morales-Castillo*, 314 F.3d 561, 563-64 (11th Cir. 2002).

Lastly, Macias-Martinez proposes arguing that his counsel performed deficiently by failing to ask the district court to consider fast-track disparities and § 5G1.3(b). But a claim of ineffective assistance of counsel is better left to collateral appeal, where a record devoted to counsel's performance can be developed, and it would be frivolous to argue that this is the exceptional case where ineffectiveness is apparent from the trial record. *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir.2009); *see United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). Macias-Martinez believes that the current record shows egregious behavior on counsel's part simply because he failed to raise those issues in the district court, but we

would give "every indulgence" to the possibility that counsel's decision was tactical, *Recendiz*, 557 F.3d at 531.

      Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.