NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2009
Decided January 6, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-2269

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Eastern District of Wisconsin. |
| *v.* | No. 08-Cr-106 |
| STEVEN K. BROWN, | Rudolph T. Randa, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Steven Brown confessed to stealing two rifles from a gun shop. He pleaded guilty to possessing a firearm after a felony conviction, and although he qualified as an armed career criminal, *see* 18 U.S.C. §§ 922(g)(1), 924(e), the prosecutor moved for a sentence below the 15-year statutory minimum because of his cooperation, *see id*. § 3553(e); U.S.S.G. § 5K1.1. The district court sentenced Brown to 10 years.

Brown filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Brown opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Brown's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002); CIR. R. 51(b).

Counsel first points out, rightly, that we would not review the adverse ruling on Brown's motion to suppress his confession because he waived any objection to that decision by entering an unconditional guilty plea. *See* FED. R. CRIM. P. 11(a)(2); *United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009).

Counsel also explains that his *Anders* brief omits discussion about the voluntariness of Brown's guilty plea or the adequacy of the plea colloquy because Brown has told counsel that he filed this appeal to win a lower sentence but does not want his guilty plea set aside. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Brown hedges, though, in his Rule 51(b) response and suggests that we let him withdraw his guilty plea if we do not order resentencing. We do not interpret his equivocation to mean that he really wants to proceed to trial and risk losing the five-year reduction he received. *See id*. at 670-72.

As a possible ground of error, counsel evaluates whether Brown could argue that he should have been given funds under the Criminal Justice Act to hire a "mitigation specialist" to search his background for favorable sentencing information. *See* 18 U.S.C. § 3006A(e)(1). We give deference to rulings on CJA requests for investigative or expert assistance, and we will not conclude that a district court abused its discretion by declining to authorize government money to be spent on a "fishing expedition." *United States v. Knox*, 540 F.3d 708, 716-17 (7th Cir. 2008); *United States v. Smith*, 502 F.3d 680, 686 (7th Cir. 2007). Brown never explained what he hoped to achieve by hiring a "specialist," and instead he represented to the district court that private background investigations frequently uncover "valuable and highly relevant information" omitted from the presentence investigation report. We agree with counsel that any argument about the denial of this generic request would be frivolous.

Counsel and Brown next assess whether Brown could challenge the length of his 10-year sentence or the manner in which it was imposed. But counsel identified no possible error in the calculation of the guidelines imprisonment range, and he concedes that the term imposed is reasonable. And, as counsel recognizes, we would not review an argument that the district court should have exercised its discretion more favorably to Brown and gone further below the minimum mandatory to reward his assistance to the government. *See United States v. McGee*, 508 F.3d 442, 444-45 (7th Cir. 2007) (explaining that *United States v. Booker*, 543 U.S. 220 (2005), does not undermine cases interpreting 18 U.S.C. § 3742(a) to preclude review of discretionary decisions about how much to reduce a sentence for substantial assistance); *United States v. Newman*, 148 F.3d 871, 875 n.2 (7th Cir. 1998); *United States v. Senn*, 102 F.3d 327, 331 (7th Cir. 1996).

Brown would argue that the government breached the plea agreement and acted in bad faith by moving for a sentence below the minimum mandatory but then urging the district court to go no lower than 10 years because of his extensive criminal history. Plea agreements are governed by ordinary contract principles and confer no greater benefit than what the parties negotiated. *United States v. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009). In this instance the government promised to inform the sentencing court about the "nature and extent" of Brown's cooperation and, if it was substantial, to consider recommending a sentence that might be below the minimum mandatory. But, like Brown, the government reserved the right to give the court "any and all information which might be pertinent to the sentencing process, including . . . any and all matters which might constitute aggravating or mitigating sentencing factors." The prosecutor did no more than what the plea agreement expressly authorized.

Still, says Brown, the district court should not have weighed his criminal history in deciding whether to impose a sentence even lower than the 10 years recommended by the government; in his view, once the court decided to grant the government's motion and impose a sentence below the statutory minimum, *see* 18 U.S.C. § 3553(e), the court should have considered only factors related to the timing and quality of his assistance, *see* U.S.S.G. § 5K1.1. This contention is frivolous. Once a district court has decided that a sentence below the statutory floor is justified by the defendant's cooperation, the court may not rely upon other mitigating factors in § 3553(a) to further reduce the sentence. *United States v. Johnson*, 580 F.3d 666, 672-74 (7th Cir. 2009). But the court may weigh aggravating factors—such as an extensive criminal history—against the defendant's cooperation in settling upon an appropriate sentence. "In other words, the court may increase a sentence on the basis of the § 3553(a) factors, but not reduce the sentence further." *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009); *see also United States v. Williams*, 551 F.3d 182, 186-87 (2d Cir. 2009); *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008); *United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006).

Brown also proposes to argue that U.S.S.G. § 5G1.3(b) compelled the district court to shorten his federal sentence to account for his state incarceration. After Brown stole the two guns in July 2007, authorities in Wisconsin revoked his probation for convictions in 2004 for fleeing from a police officer and bail jumping. Brown contends that his time served for these crimes should have reduced the length of his federal sentence (he also insists that his federal sentence should have run concurrently, but that contention is academic because the state terms expired two days after the federal sentence was imposed). Section 5G1.3, like all guidelines, is now advisory, *United States v. Bangsengthong*, 550 F.3d 681, 682 (7th Cir. 2008), though Brown's argument would have been frivolous even if it were mandatory. Subsection (b) directs the district court to adjust a federal sentence only when the defendant is already serving a term of imprisonment for "relevant conduct" that increased the offense

level under Chapter 2 or Chapter 3.  U.S.S.G. § 5G1.3(b) & cmt. n.2; *United States v. Broadnax*, 536 F.3d 695, 701-02 (7th Cir. 2008).  Brown's state convictions did not meet those conditions.

Finally, Brown wants to argue that the district court should not have ordered him to pay the gun dealer for the stolen rifles without making a finding that he had the ability to pay.  But in his plea agreement Brown committed to paying restitution, and by statute a district court is authorized to impose restitution as agreed by the parties.  18 U.S.C. § 3663(a)(3); *see United States v. Allen*, 201 F.3d 163, 167-68 (2d Cir. 2000) (explaining that sentencing court is not required to independently evaluate defendant's ability to pay when the parties have agreed to restitution as part of plea agreement); *see also United States v. Pappas*, 409 F.3d 828, 830 (7th Cir. 2005) (explaining that defendant's promise to pay restitution as part of plea agreement is binding).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.