In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 23-1830

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEROME D. FORD,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:22CR00004-001 — **James Patrick Hanlon**, *Judge.*

_____

ARGUED JUNE 5, 2024 — DECIDED JULY 1, 2024

_____

Before EASTERBROOK, BRENNAN, and JACKSON-AKIWUMI,
*Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A district judge sentenced Jerome Ford to 96 months in prison for possessing a firearm, despite his felony conviction. 18 U.S.C. §922(g)(1). Three years of supervised release will follow Ford's release. The judgment provides, among many other conditions: "If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the

Schedule of Payments sheet of this judgment." Ford's fine is $250; the court did not order him to pay restitution. All the "Schedule of Payments" sheet provides is that Ford must start paying immediately.

Ford presents only one appellate issue. He contends that the payment condition of supervised release is unauthorized because the judge did not mention it during sentencing, and it also did not appear in the presentence report (whose recommendations were adopted orally at sentencing). When the oral pronouncement and the written judgment in a criminal case conflict, the oral pronouncement controls. See, e.g., *United States v. Johnson*, 765 F.3d 702, 710–11 (7th Cir. 2014); *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005). Ford asks us to delete the payment condition from the judgment.

We have recognized at least one exception to the rule that oral prevails over written. A condition of supervision required by law (that is, a mandatory condition) need not be announced orally. *United States v. Anstice*, 930 F.3d 907, 909 (7th Cir. 2019). Some conditions are required by statute, see 18 U.S.C. §3583(d), but the payment condition is not in that category. It is, however, on a list of mandatory conditions in the Sentencing Guidelines. U.S.S.G. §5D1.3(a)(5). That may be how it found its way to the judgment in Ford's case. This condition is preprinted on the 2016 version of Form AO 245B (Judgment in a Criminal Case) circulated by the Administrative Office of the United States Courts—but it does not appear on the most recent version (effective September 2019). The district court used the 2019 version for the first page of Ford's judgment and took the remaining pages from the 2016 version; he did not explain why.

Ford asserts that the Guidelines' list of mandatory conditions ceased being mandatory after *United States v. Booker*, 543 U.S. 220 (2005), declared the Guidelines to be advisory. That is not necessarily true. As an application of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Booker* concerns the jury's role in determining minimum and maximum sentences. The remedial opinion in *Booker* solved the *Apprendi* problem by declaring that the upper and lower ends of the Guidelines' ranges are not binding. It held that 18 U.S.C. §3553(b)(1), which requires district courts to respect the minimum and maximum ranges set by the Guidelines, is invalid. 543 U.S. at 259. Neither of the two majority opinions in *Booker* (Justice Stevens for a majority on the merits, and Justice Breyer for a majority on the remedy) suggests that the conditions of supervised release, which are unrelated to minimum and maximum sentences and have never been the province of juries, are problematic. The remedial opinion lists 18 U.S.C. §3583, which covers supervised release, as among provisions not affected by *Booker*. Compare 543 U.S. at 258 with *id*. at 259.

As far as we know, neither the Supreme Court nor any court of appeals has held since *Booker* that conditions required by §3583(d) or U.S.S.G. §5D1.3 are no longer mandatory. At least one circuit has said that *Booker* does not affect conditions of supervised release. *United States v. Reyes*, 18 F.4th 1130, 1137–38 (9th Cir. 2021). Many decisions, including some in this circuit, e.g., *United States v. Bangsengthong*, 550 F.3d 681, 682 (7th Cir. 2008), declare broadly that "the Guidelines" are not mandatory after *Booker*, but none of these concerns conditions of supervised release or discusses the way the remedial opinion in *Booker* separated valid from invalid statutes.

The brief for the United States does not make anything of this, however. It ventures that the payment condition "may be mandatory" but does not take a firm position. Instead the prosecutor argues that the payment condition isn't *that* much of a departure from the oral pronouncement. Given the principle of party presentation, see *United States v. Sineneng-Smith*, 590 U.S. 371 (2020), we accept the implied concession for the purpose of this appeal, while reserving the subject for decision in some future case in which it has been the subject of adversarial briefing.

It follows that the payment condition must be vacated. The rule that the oral sentence controls has an exception for mandatory conditions but not for all conditions that prosecutors deem minor.

It is not clear whether our decision will help Ford. A statute, 18 U.S.C. §3613A(a)(1), provides that people who do not pay their fines may be returned to prison. That statute applies to Ford during his supervised release whether or not a payment condition appears in the judgment. And §3583(e)(2) provides that courts may add or delete conditions of supervised release at any time. If the district judge thinks the payment condition important, he may add it to the judgment. All we decide today is that one particular condition that appears in the judgment, but was not mentioned or adopted by incorporation during sentencing, must be vacated.

The district court's judgment is modified to delete the payment condition.