UNITED STATES of America,
Plaintiff—Appellee,

v.

Carlos CARDENAS, Defendant—
Appellant.

No. 02–3566.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2003.

Decided June 18, 2003.

Before CUDAHY, POSNER, and
RIPPLE, Circuit Judges.

## ORDER

Carlos Cardenas pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to 262 months' imprisonment. Cardenas filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous issue for appeal. Our review is limited to the potential issues discussed in counsel's facially adequate *Anders* brief and Cardenas' response filed pursuant to Circuit Rule 51(b). *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). As we agree that the issues identified by counsel are frivolous, we grant counsel's motion and dismiss the appeal.

Counsel first considers whether Cardenas could make a nonfrivolous argument that the district court erred in denying him a downward departure because the conditions of his pretrial confinement were purportedly harsh. This circuit has not yet decided whether conditions of pretrial confinement can even be an acceptable

basis for a downward departure. *Cf. United States v. Carty*, 264 F.3d 191, 196 (2d Cir.2001) (holding that defendant's pretrial detention in a small cell with three or four other inmates in the Dominican Republic, with no running water, only one telephone call per week, and only fifteen minutes per day outside his cell could be considered as a basis for downward departure). The district court reasoned that even if such a legal basis for departure was available, Cardenas would not qualify factually because his conditions of pretrial confinement-being held in a county jail where he was required to serve as a translator between Spanish-speaking inmates and guards-were not so unusual as to warrant a departure. Thus, counsel is correct that we would lack jurisdiction to review the district court's decision because the court was exercising its discretion not to depart. *See United States v. Mansoori*, 304 F.3d 635, 672 (7th Cir.2002).

Counsel then evaluates whether Cardenas could make a nonfrivolous argument that the district court erred in denying his request for a downward departure "based primarily on the substantial assistance he gave to the government following his arrest and the threats to his family as a result of his cooperation." After Cardenas was arrested, he began cooperating with the government; his assistance apparently led to the arrests of three additional members of the conspiracy and the seizure of cocaine, cash, and guns. But Cardenas later decided that his family was being threatened because of his cooperation, so he started recanting information he had previously given to the government and substituting false information in its place. The government responded by rejecting further assistance from Cardenas, and ultimately the prosecution refused to move for a downward departure under U.S.S.G. § 5K1.1 for substantial assistance. That decision prompted Cardenas to move for a departure under U.S.S.G. § 5K2.0; he ar-

gued that he should be credited for the assistance he gave the government and not penalized because threats to his family prevented him from continuing to cooperate. Cardenas reasoned that the Sentencing Commission had not adequately taken into account the possibility that a defendant who otherwise would have provided substantial assistance and been rewarded with a government motion under § 5K1.1 might be thwarted from fully cooperating because of a perceived need to protect his family from harm at the hands of persons he has implicated.

Counsel is correct that Cardenas has no viable argument that the district court erred in not relying on § 5K1.1 to depart; a sentencing court has no power to depart under that guideline unless the government first makes a motion. *See Melendez v. United States*, 518 U.S. 120, 125–26, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996); *United States v. Santoyo*, 146 F.3d 519, 523 (7th Cir.1998). The government's refusal to request a downward departure for substantial assistance is reviewable only for unconstitutional motive, *see Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), and Cardenas has never asserted—not in the district court or in his Rule 51(b) response—that the prosecution harbored any impermissible motive for declining to seek a downward departure. Indeed, Cardenas' trial counsel conceded that his inconsistent statements had seriously damaged his usefulness to the government.

Counsel assumes, however, that the district court had the *authority* to depart under § 5K2.0 but did not abuse its discretion in refusing to do so because "Cardenas could not qualify for the departure." The district court stated at sentencing, "I am finding that this [substantial assistance and threats to family] is not a legal basis for a departure [under § 5K2.0]. If it was

a legal basis for departure, I would consider it because I think the factual underpinnings have been established." The court did not explain its belief that it had no legal basis for departure, and counsel takes the position that the court's understanding about its authority was incorrect. Counsel cites our decision in *Santoyo*, in which we left open the prospect that § 5K2.0 might, in appropriate circumstances, allow for a departure based on a defendant's assistance to the government. 146 F.3d at 525 n. 5. In that case, however, we cautioned that to qualify for such a departure under § 5K2.0 the defendant would have "to prove that he offered assistance that is so unusual in type or degree as to take it out of the heartland of § 5K1.1 cases contemplated by the Sentencing Commission." *Id.*

█ Regardless whether *Santoyo* gave the district court the legal authority to depart, an argument premised on the failure to depart would be frivolous because, on this record, the court would have abused its discretion had it granted a downward departure. There is nothing about Cardenas' assistance that takes his case outside § 5K1.1. Not only was Cardenas' cooperation not extraordinary, but he undermined his credibility and the trustworthiness of his information by lying to the government. Moreover, risk of harm to oneself or family is already considered when determining whether, or to what extent, a departure under § 5K1.1 should be granted. *See* U.S.S.G. § 5K1.1(a)(4) (sentencing court may consider "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance"); *United States v. Eppinger*, 49 F.3d 1244, 1253 (7th Cir.1995). Thus, the Sentencing Commission already took risk of harm to one's family into account when drafting § 5K1.1, and there is nothing atypical about the threats made against Cardenas or his family. Therefore, the evidence put forward by Cardenas does not in any way support a finding that his case is not of a type considered by the Sentencing Commission. As there was inadequate evidence to support a departure under § 5K2.0, the district court would have abused its discretion had it had granted a departure under § 5K2.0.

Finally, in a supplement to his Rule 51(b) response, Cardenas asks this court to decide whether the Due Process Clause requires prosecutors to fulfill oral promises they make to defendants in order to induce their cooperation. However, Cardenas does not claim, and has never claimed in any proceedings before this court or the district court, that the prosecutors promised him a downward departure, or anything else, to induce his cooperation. Moreover, Cardenas pleaded guilty without a plea agreement, so no promise would have been recorded. If he means to suggest that there was such an unfulfilled promise, the claim would necessarily rely on evidence outside the record, and Cardenas would be better served bringing it on collateral attack rather than direct appeal. *See United States v. Elizalde–Adame*, 262 F.3d 637, 640 (7th Cir. 1998). Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.