In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 06-2937

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RAUL RAMIREZ-GUTIERREZ,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 CR 220-1—**Ruben Castillo**, *Judge.*

---

ARGUED AUGUST 7, 2007—DECIDED OCTOBER 1, 2007

---

Before BAUER, KANNE, and ROVNER, *Circuit Judges.*

KANNE, *Circuit Judge.* Raul Ramirez-Gutierrez, a Mexican citizen, pleaded guilty to reentering the United States illegally after being deported. *See* 8 U.S.C. § 1326(a), (b)(2). He sought a sentence below the advisory guidelines range based on several mitigating factors, including the unpleasant conditions of his pretrial confinement and his drug and alcohol dependency. The district court sentenced him to 72 months' imprisonment, which was within the guidelines' recommended range. Ramirez-Gutierrez now argues that the district court did not consider his arguments for a lower sentence. Because the district judge considered Ramirez-Gutierrez's non-

frivolous arguments, and because his sentence is reasonable, we affirm.

## Background

Ramirez-Gutierrez was convicted of armed robbery and aggravated battery in 1992. He was deported following his parole in 1996, but soon returned illegally. In 2005 Ramirez-Gutierrez was convicted in Illinois state court of criminal sexual abuse by force and possession of cocaine. His physical presence in Illinois was the basis for the charge of illegal entry, to which he entered a guilty plea without a plea agreement.

Before sentencing, Ramirez-Gutierrez's lawyer submitted a written request for a sentence below the guidelines' range. He argued for a lower sentence based on his status as a deportable alien, the conditions of his 2½-month pretrial detention, his impoverished upbringing in Mexico, the sexual abuse he suffered as a child, and his drug and alcohol dependency.

At sentencing, the district judge said that he had read Ramirez-Gutierrez's submission and the government's response and gave each side an opportunity to advance additional arguments. Ramirez-Gutierrez's attorney rested on his written submission. In his allocution, Ramirez-Gutierrez told the judge about his impoverished upbringing in Mexico and his remorse for his prior crimes, which he said were the result of poor decision-making caused by his substance abuse. He also emphasized the effect of his imprisonment on his mother and his seven-year-old daughter, and requested placement in a Texas prison so that they could visit him more easily.

Ramirez-Gutierrez did not object to the district judge's final guidelines calculation. With a base offense level of eight, *see* U.S.S.G. § 2L1.2(a), increased by 16 points

because he had been deported after being convicted for a crime of violence, *id.* § 2L1.2(b)(1)(A)(ii), and then reduced by three points for his acceptance of responsibility, *id.* § 3E1.1, Ramirez-Gutierrez's adjusted offense level was 21. With a criminal history score of V, Ramirez-Gutierrez's advisory guidelines range was 70 to 87 months. *See id.* ch. 5, pt. A.

The district judge began his sentencing decision by telling Ramirez-Gutierrez that his crimes "give immigrants to the United States a bad name." The judge then remarked that he might have been inclined to view as a youthful mistake Ramirez-Gutierrez's armed robbery conviction at the age of 18, but that his later convictions for sexual abuse by force and cocaine possession—both obtained while in his thirties—could not be excused. Although the judge believed that Ramirez-Gutierrez finally might have "seen the light," the judge determined that, based on his criminal record, his background, the nature of the offense, and the need to deter, a within-guidelines sentence was appropriate. The judge sentenced him to 72 months' imprisonment, with a recommendation to the Bureau of Prisons that he serve his time in a Texas prison, as well as two years' supervised release and a $100 special assessment. The judge also recommended that Ramirez-Gutierrez participate in a drug treatment program.

## Analysis

Ramirez-Gutierrez now asserts that, in failing to address explicitly two of his arguments for a lower sentence, the district judge abused his discretion.

He first argues that the district judge ignored his argument that he should receive a shorter sentence to "compensate" for his 2½-month pretrial stay at the

Kankakee County Detention Center, where he says he was denied care for his toothache, lived in poorly ventilated quarters, and was not able to exercise. He contends that the argument—which was raised in his written submission, but not at sentencing—was not frivolous, and thus warranted explicit discussion by the district judge. He relies primarily on two out-of-circuit decisions holding, prior to *United States v. Booker*, 543 U.S. 220 (2005), that extreme conditions of pretrial confinement could be a mitigating circumstance that would justify a downward departure. *See United States v. Pressley*, 345 F.3d 1205, 1219 (11th Cir. 2003); *United States v. Carty*, 264 F.3d 191, 196 (2d Cir. 2001) (per curiam).

Because Ramirez-Gutierrez's sentence falls within the guidelines' recommended range, this court will presume it is reasonable unless he can show that the district court did not consider adequately the sentencing factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110-11 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Harsh or unpleasant conditions of pretrial confinement are not among the § 3553(a) factors, and we have not decided whether such conditions could ever justify a reduced sentence, *United States v. Cardenas*, 68 Fed. App'x 731, 731-32 (7th Cir. 2003) (pre-*Booker* unpublished order). Nonetheless, as Ramirez-Gutierrez points out, both the Second and the Eleventh Circuits held, prior to *Booker*, that "extraordinary" conditions of pretrial confinement could justify a downward departure because the Sentencing Commission likely had not considered such conditions when formulating the guidelines. *See Pressley*, 345 F.3d at 1218-19; *Carty*, 264 F.3d at 196. On the other hand, the Eighth Circuit reversed a downward departure on this ground where there was no evidence that the conditions of confinement "were so substandard or onerous as to take [the] case out of the heartland of

cases." *United States v. Dyck*, 334 F.3d 736, 742-43 (8th Cir. 2003). Thus, under these courts' reasoning, conditions of confinement might warrant a sentencing judge's attention if a defendant can show that the conditions were unusually harsh.

Even if we accept Ramirez-Gutierrez's description of the conditions of his confinement as true, *see United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1048 (7th Cir. 2005), they were not unusually harsh. Ramirez-Gutierrez complained that he was unable to obtain care for his broken tooth, lived in poorly ventilated quarters, and was given inadequate opportunity to exercise during his 2½-month detention. In contrast, in *Pressley*, the defendant spent six years in pre-sentence confinement, five years of which he was subjected to 23-hour-a-day lockdown and was not allowed outside. 345 F.3d at 1219. And in *Carty*, the defendant was detained eight months in a Dominican prison, where he was held in an unlit four-by-eight-foot cell with three or four other inmates, had no access to running water, paper, pens, newspaper, or radio, and was allowed only one phone call per week. 264 F.3d at 193. Ramirez-Gutierrez's relatively brief confinement, while unpleasant, does not compare. And, like the defendant in *Dyck*, he presented no evidence to suggest that the conditions were "so substandard or onerous" as to warrant special consideration by the district court. *See* 334 F.3d at 742-43. Absent truly egregious conditions, the pretrial confinement of Ramirez-Gutierrez raises neither a meritorious nor a substantial issue for sentencing purposes.

The judge said that he had read Ramirez-Gutierrez's submission, which is enough to satisfy us that he considered the argument and rejected it. *See United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005) ("arguments clearly without merit can, and for the sake of

judicial economy should, be passed over in silence."). The judge's failure to discuss explicitly the insubstantial argument "would be at worst a harmless error," *id.* at 679. *See United States v. Acosta*, 474 F.3d 999, 1003-04 (7th Cir. 2007); *Gama-Gonzalez*, 469 F.3d at 1111.

Ramirez-Gutierrez also argues that the judge did not consider his argument that he committed crimes because of his substance abuse problem. But the record plainly shows that the judge did. Responding to Ramirez-Gutierrez's acknowledgment of his substance abuse problem, the district judge remarked that Ramirez-Gutierrez might have "seen the light," and later recommended that he enroll in a drug treatment program in prison. But the judge explained that Ramirez-Gutierrez deserved a within-guidelines sentence because of his substantial criminal history—which included recent convictions for sexual abuse by force and cocaine possession, in addition to older convictions for armed robbery and aggravated battery. Any further exposition on the subject would have been unnecessary; a defendant's substance abuse problem rarely will compel a lower sentence. *United States v. Wurzinger*, 467 F.3d 649, 654 (7th Cir. 2006); *United States v. Hankton*, 463 F.3d 626, 630 (7th Cir. 2005). The district judge, reasonably, was more concerned with Ramirez-Gutierrez's history of violent crimes.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*

USCA-02-C-0072—10-1-07