NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2008
Decided March 28, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2636

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06-CR-952 |
| COSME BELLO-GOBEA *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Cosme Bello-Gobea, a Mexican citizen, has been removed from the United States and returned illegally more than half a dozen times. After his latest return, Bello-Gobea was apprehended and pleaded guilty to being present in the United States without permission after removal. *See* 8 U.S.C. § 1326(a). Based on facts admitted in the plea agreement, the district court calculated a guidelines imprisonment range of 46 to 57 months. The court then sentenced Bello-Gobea to 46 months. Bello-Gobea filed a notice of appeal, but his appointed lawyers move to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot discern any nonfrivolous ground for appeal. Bello-Gobea did not

accept our invitation to respond to his lawyers' submission.  See CIR. R. 51(b).  Limiting our review to the potential issues identified in counsel's supporting brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion and dismiss the appeal.

In their *Anders* submission, counsel first address whether Bello-Gobea might argue that his guilty plea was not voluntary and should be set aside because the plea colloquy did not fully conform to Federal Rule of Criminal Procedure 11.  We have explained that lawyers making an *Anders* submission should not even explore a Rule 11 argument unless they "know after consulting their clients, and providing advice about the risks, that the defendant really wants to withdraw the guilty plea."  *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2001).  Here it appears that Bello-Gobea refused to commit to a position when counsel broached the subject of his guilty plea, but there is no need for us to seek clarification, *cf. United States v. Torres*, 482 F.3d 925, 925 (7th Cir. 2007), because we agree with counsel that any Rule 11 argument would be frivolous.

Because Bello-Gobea did not move to withdraw his guilty plea in the district court, our review would be for plain error.  *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).  And an argument that it was plain error for the district court to accept Bello-Gobea's plea would be frivolous because during the plea colloquy the court substantially complied with Rule 11.  *See id.* at 688-89; *Schuh*, 289 F.3d at 975.  Counsel note minor omissions in the plea colloquy, but correctly explain that none would rise to the level of plain error.  Bello-Gobea was not harmed when the court failed to determine on the record that his plea "did not result from force, threats, or promises (other than promises in a plea agreement)" or when the court failed to inform him of its obligation to impose a special assessment.  *See* FED. R. CR. P. 11(b)(2), 11(b)(1)(L).  Both omissions were harmless error as the plea agreement specifically stated that "no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty," and it properly informed Bello-Gobea that he would be subject to a $100 special assessment.  *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).

Counsel also discuss whether Bello-Gobea could raise any nonfrivolous challenge to his prison sentence and conclude that he could not.  We agree.  Any challenge to the guidelines range would be frivolous as the range calculated by the district court corresponded to the range projected in Bello-Gobea's plea agreement.  And any challenge to the ultimate sentence, which was the lowest within-guidelines sentence available, would be similarly frivolous because of the presumption we apply on appeal to sentences within the guidelines.  *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006).

As counsel correctly explain, Bello-Gobea has only one argument for a reduced sentence that is worth consideration—the allegedly substandard conditions of pretrial confinement. We have previously assumed that "unusually harsh" conditions can be grounds for a reduced sentence, *United States v. Ramirez-Gutierrez*, 503 F.3d 643, 646 (7th Cir. 2007), and the conditions to which Bello-Gobea claims he was subjected do seem harsh. In a sentencing memorandum, former counsel asserted without any evidentiary support that Bello-Gobea had been beaten and tasered by prison guards. At his sentencing hearing, counsel explained—again, without any evidence—that other inmates had beaten Bello-Gobea so severely that he was comatose for four days and suffered permanent hearing loss and a fractured skull. In response, the government produced reports from guards about the incident and argued that those reports showed Bello-Gobea to have been the aggressor. During his unsworn allocution, Bello-Gobea denied that he started the fight and counsel argued that the guards' reports in fact identified another inmate as the aggressor. (The reports were the only evidence discussed in relation to confinement conditions, but neither party ever introduced them into the record.) Counsel stated that under normal circumstances he would ask for a continuance to examine the reports, but in this case his client insisted on being sentenced immediately to prevent any delay in his transfer to a new facility.

The district court heard all of Bello-Gobea's allegations and explained that, even accepting them as true, the court saw no basis for a reduced sentence. The court, therefore, gave meaningful consideration to Bello-Gobea's request for a lower sentence, *see United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006), so raising a reasonableness argument on appeal would indeed be frivolous. Even if we read the district court's ruling as based solely on the lack of evidentiary support for Bello-Gobea's allegations, there would still be no error giving rise to a nonfrivolous appeal. It was Bello-Gobea's burden to prove the harshness of his conditions of confinement because it was a mitigating factor that he raised, *see United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008), but he did nothing but present unsworn statements.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.