NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2009
Decided February 20, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1129

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 CR 824-1 |
| SAMUEL PEARSON, *Defendant-Appellant.* | Amy J. St. Eve, *Judge.* |

**O R D E R**

Samuel Pearson pleaded guilty, without a plea agreement, to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). Because he had already been convicted of at least three burglaries punishable by a prison term of at least one year, Mr. Pearson was sentenced as an armed career criminal to 192 months' imprisonment, near the bottom of the guidelines range. *See id.* § 924(e)(1). Mr. Pearson filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a non-frivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Mr. Pearson to comment on counsel's motion; he did not respond. *See* CIR. R. 51(b). We therefore address only the potential

issues raised in counsel's supporting brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Mr. Pearson could challenge his classification as an armed career criminal because the facts of his prior convictions were neither proven to a jury nor admitted by him.  But counsel properly notes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  Prior convictions may be used as the basis for an armed career criminal sentence and need not be charged in the indictment, proven to the jury, or admitted by the defendant.  *See id.*; *United States v. Jordan*, 485 F.3d 982, 984 (7th Cir. 2007).

Counsel next contemplates whether Mr. Pearson could argue that his prior burglary convictions were not "violent felonies" under 18 U.S.C. § 924(e)(2)(B)(ii).  At sentencing Mr. Pearson had argued that his burglaries of businesses and a garage did not satisfy the statutory definition of burglary.  However, burglary of any building or structure is per se a "violent felony."  *See Taylor v. United States*, 495 U.S. 575, 598 (1990); *Stallings v. United States*, 536 F.3d 624, 625 n.1 (7th Cir. 2008).

Counsel then considers whether Mr. Pearson could seek a lower sentence based on the allegedly substandard conditions of his pretrial confinement in Kankakee County Jail.  At sentencing Mr. Pearson asserted that the meals, beds, recreational activities, and medical care, along with telephone, commissary, and visitation privileges at Kankakee are inferior to those at the Metropolitan Correctional Center.  However, conditions of pretrial confinement are not among the factors that judges must consider in crafting a reasonable sentence.  *See* 18 U.S.C. 3553(a)(2); *United States v. Ramirez-Gutierrez*, 503 F.3d 643, 645-46 (7th Cir. 2007).  Furthermore, though we have not decided whether extraordinarily harsh conditions of confinement might justify a lowered sentence, *United States v. Campos*, 541 F.3d 735, 751 (7th Cir. 2008), such a challenge would fail.  First, Mr. Pearson did not support his claims with affidavits or other evidence documenting conditions at Kankakee County Jail.  *See id.* Second, the conditions at Kankakee, even as described by Mr. Pearson, do not compare with those found by other circuits to warrant a reduced sentence.  *See, e.g., United States v. Pressley*, 345 F.3d 1205, 1219 (11th Cir.2003) (concluding, pre-*Booker*, that six-year pre-sentence confinement, where defendant had not been outside in five years and spent 23 hours per day in lock-down, could justify downward departure); *United States v. Carty*, 264 F.3d 191, 193, 196-97 (2d Cir. 2001) (concluding, pre-*Booker*, that district court had discretion to lower sentence based on defendant's eight months in tiny unlit cell in foreign prison); *see also Ramirez-Gutierrez*, 503 F.3d at 646 (distinguishing conditions at the Kankakee County Jail from those that *Pressley* and *Carty* found unusually harsh).

Counsel lastly evaluates whether Mr. Pearson could challenge his 192-month sentence as unreasonable.  A sentence that falls within a correctly calculated guidelines

range is presumptively reasonable, so long as the district court meaningfully considered the factors set forth in 18 U.S.C. § 3553(a).  *See Rita v. United States*, 127 S.Ct. 2456, 2462-64 (2007); *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir.2008); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005).  Here, as counsel observes, the court discussed those factors, noting that a within-guidelines sentence was justified by Mr. Pearson's persistent recidivism, the risk inherent in gun possession by a felon, and the need to protect the public from any of Pearson's future crimes.  Counsel discerns no reason to overturn the presumption of reasonableness, and neither do we.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.