**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 12, 2009
Decided August 13, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3847

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 593 |
| REGINALD THURMOND, *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

**O R D E R**

Reginald Thurmond pleaded guilty to bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced to 160 months in prison.  Thurmond appeals, but his appointed lawyers cannot identify any nonfrivolous arguments to pursue and move to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Thurmond opposes counsel's motion.  *See* CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief and in Thurmond's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In Thurmond's presentence investigation report, the probation officer applied a base offense level of 20, *see* U.S.S.G. § 2B3.1(a), with two additional levels for taking property from a financial institution, *see id.* § 2B3.1(b)(1), two more levels for making a death threat

to a bank employee, *see id.* § 2B3.1(b)(2)(F), and a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1, for a total offense level of 21. The probation officer noted, however, that Thurmond met the criteria for a career offender, *see id.* § 4B1.1(a), and since the maximum penalty for the robbery was 20 years, *see* 18 U.S.C. § 2113(a), the corresponding offense level was 32, *see* U.S.S.G. § 4B1.1(b)(C). With credit for acceptance of responsibility, *see id.* § 3E1.1, his total offense level was 29. That number coupled with a criminal history category of VI yielded a guidelines imprisonment range of 151 to 188 months. The district court adopted the probation officer's calculations and imposed a term of 160 months.

In their *Anders* submission, counsel first consider whether Thurmond could challenge his guilty plea. Thurmond, though, has told counsel that he does not want the plea set aside, and so counsel appropriately omit any discussion of the plea colloquy or the voluntariness of Thurmond's guilty plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel then question whether Thurmond might challenge his classification as a career offender. Thurmond has insisted that counsel should dispute the classification, but he did not object at sentencing, and counsel cannot identify any potential error. The district court concluded that Thurmond met all the requirements of a career offender: (1) he was 44 when he committed the bank robbery; (2) the offense is a felony crime of violence, *see* U.S.S.G. § 4B1.2 cmt. n.1; and (3) Thurmond has two prior convictions for aggravated robbery, both felony crimes of violence, *see id.* Even though the first of those convictions was 17 years before the current offense, Thurmond was still incarcerated on that charge within the last 15 years. Both prior convictions are thus within the relevant time limit of U.S.S.G. § 4A1.2(e)(1). *See United States v. Hillsman*, 141 F.3d 777, 778-79 (7th Cir. 1998). Any challenge to the career offender classification would be frivolous.

Counsel also consider whether Thurmond could argue that his prison sentence is unreasonable. Although a sentence within a properly calculated guidelines range is presumed reasonable, *Rita v. United States*, 127 S.Ct. 2456, 2462 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009), the district court must consider the relevant statutory sentencing factors, *see* 18 U.S.C. § 3553(a); *United States v. Martinez-Martinez*, 442 F.3d 539, 543 (7th Cir. 2006). The sentencing transcript shows that the district court assessed those factors, including Thurmond's extensive violent criminal history, his difficult childhood in a gang-infested neighborhood, the serious nature of the offense (including the death threat to the bank employee), his history of depression, *see* 18 U.S.C. § 3553(a)(1), and the need to protect society from further crimes, *see id.* § 3553(a)(2)(C).

In his Rule 51(b) response, Thurmond questions whether the district court potentially erred by failing to give him a lower sentence based on the conditions of his pretrial confinement at the jail in Kankakee County, in particular the lack of federal legal materials and restrictions on outdoor recreation.  The district court did not think that pretrial conditions were relevant to § 3553(a), nor did the court believe that the conditions at Kankakee were so substandard as to require a reduction in sentence.

Conditions of pretrial confinement are not included in the § 3553(a) factors, *United States v. Martinez*, 520 F.3d 749, 752-53 (7th Cir. 2008), and we have yet to decide whether even extremely harsh conditions of confinement can justify a reduced sentence, *see United States v. Campos*, 541 F.3d 735, 751 (7th Cir. 2008).  And this appeal would not provide an opportunity to decide that question because the district court did not think that the conditions Thurmond complained about were harsh at all.  *See United States v. Ramirez-Gutierrez*, 503 F.3d 643, 646 (7th Cir. 2007) (distinguishing conditions at Kankakee from those deemed by other circuits to be unusually harsh); *compare United States v. Pressley*, 345 F.3d 1205, 1219 (11th Cir. 2003); *United States v. Carty*, 264 F.3d 191, 193 (2d Cir. 2001).  The court appropriately considered Thurmond's argument and circumstances, and declined his request for a shorter prison term.  Any argument that the court was compelled to do more than that would be frivolous.  *See Campos*, 541 F.3d at 751; *Ramirez-Gutierrez*, 503 F.3d at 646.

We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.