NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted June 16, 2010
Decided June 16, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2474

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 06 CR 708-1 |
| TONY HARRIS, | |
|     *Defendant-Appellant.* | David H. Coar, |
| | *Judge.* |

**O R D E R**

Tony Harris was charged with six bank robberies and pleaded guilty to three of them. *See* 18 U.S.C. § 2113(a). The district court calculated a guidelines imprisonment range of 188 to 235 months and sentenced Harris to a total of 161 months, but we granted the parties' joint motion for remand based on a one-level overstatement in Harris's total offense level. *United States v. Harris*, No. 08-1015 (7th Cir. Nov. 19, 2008) (unpublished order). The district court again sentenced him to 161 months' imprisonment, which is still below the recalculated range of 168 to 210 months. Harris filed a notice of appeal, but his appointed counsel cannot find a nonfrivolous issue to pursue and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Harris did not respond to counsel's submission. *See*

CIR. R. 51(b). We consider only the potential issues raised in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Initially, counsel notes that Harris wants to contest guidelines adjustments made at his first sentencing hearing but not raised at resentencing. Counsel concludes, however, that Harris would be foreclosed from raising these challenges in this appeal. We agree. In his first appeal, Harris and the government moved for a joint remand for resentencing based on a single error in the calculation of Harris's offense level but mentioned no other possible issue for review. In their motion the parties were explicit that "the mandate should state that the scope of the remand is limited to resentencing based on the correct advisory guideline range," which we were told was 168 to 210 months, exactly as the district court found on remand. Moreover, Harris did not challenge the application of the guidelines at resentencing. Harris thus waived any other issue that could have been raised in the first appeal. *See United States v. Sumner*, 325 F.3d 884, 891-92 (7th Cir. 2003); *United States v. Jackson*, 186 F.3d 836, 838 (7th Cir. 1999); *cf. United States v. Schroeder*, 536 F.3d 746, 751-52 (7th Cir. 2008) (allowing appellate review of issues raised and considered on resentencing after joint motion for remand even though not raised in first appeal).

Counsel next considers whether Harris could argue that his prison sentence is unreasonable. But his below-range sentence is presumed to be reasonable, *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010), so Harris would have to show that the district court did not properly consider his asserted mitigating factors, *United States v. Singleton*, 588 F.3d 497, 500-01 (7th Cir. 2009). This he could not do. First, the district court disagreed that Harris's criminal history category overrepresented his prior convictions. At the first sentencing hearing, the court had listed multiple convictions going back decades that did not count towards Harris's criminal history score, and again at the second hearing the court cited Harris's criminal history as a justification for the sentence. The court also disagreed with Harris's optimistic self-assessment of his chances for rehabilitation. Harris argued that his exemplary postsentencing behavior showed great rehabilitative potential, but the court was more focused on his efforts at resentencing to minimize the seriousness of his crimes. The court nonetheless did consider in mitigation Harris's lesser culpability in relation to his codefendants by giving him a below-guidelines sentence. And finally, although the court did not mention Harris's argument that the poor conditions during his pretrial detention at the Kankakee County Jail warranted an even lesser sentence, we have held that conditions like the ones Harris complained of—less contact with family, lack of access to the law library, and occasionally overflowing toilets—are not relevant to the factors in 18 U.S.C. § 3553(a) and thus do not warrant sentencing consideration. *See United States v. Turner*, 569 F.3d 637, 642 (7th Cir.), *cert. denied*, 130 S. Ct. 654 (2009); *United States v. Campos*, 541 F.3d 735, 751 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 955 (2009); *United States v. Ramirez-Gutierrez*, 503 F.3d 643, 645-46 (7th Cir. 2007). The court, therefore, adequately considered all of

Harris's arguments, foreclosing any possible challenge to the reasonableness of the sentence.

Accordingly, we GRANT counsel's motion and DISMISS the appeal.