NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2012
Decided May 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3494

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | 10 CR 50019-2 |
| CHARLES P. PERSICO, <br> *Defendant-Appellant.* | Frederick J. Kapala, <br> *Judge*. |

**O R D E R**

For more than eight years Charles Persico participated in a scheme to grow marijuana and sell it to dealers. Persico pleaded guilty to conspiring to manufacture and distribute over 1,400 kilograms of marijuana, 21 U.S.C. §§ 846, 841(a)(1). The district court calculated a guidelines imprisonment range of 135 to 168 months and, aware of the 10-year statutory penalty, *id.* § 841(b)(1)(A)(vii), sentenced Persico to 135 months. Persico appeals, but his appointed counsel moves to withdraw because he cannot identify any nonfrivolous issues for review. *See Anders v. California*, 386 U.S. 738 (1967). Persico has not opposed counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential arguments developed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Persico has informed counsel that he does not want his guilty plea vacated, so counsel properly omits any discussion about the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers whether Persico could challenge the determination of his criminal-history category. At sentencing Persico conceded that his prior convictions yield a criminal-history score of 5, which places him in Category III, but he asked the district court to disregard the guidelines and assign him to Category I. The district court explained that it was obligated to correctly calculate the guidelines, *see United States v. Lucas*, 670 F.3d 784, 791 (7th Cir. 2012); *United States v. Brown*, 610 F.3d 395, 397 (7th Cir. 2010), and added that, even as a matter of discretion under 18 U.S.C. § 3553(a), the court believed that Category III accurately represents Persico's criminal record, *see* U.S.S.G. § 4A1.3(b)(1); *United States v. Nicksion*, 628 F.3d 368, 378 (7th Cir. 2010); *United States v. Turner*, 569 F.3d 637, 643 (7th Cir. 2009). Persico has six convictions that did not factor into the calculation of his criminal-history score because the sentencing courts imposed fines or less than a year's probation. *See* U.S.S.G. § 4A1.2(c)(1). An appellate claim challenging the district court's assessment that Persico's criminal-history category is not overstated would be frivolous given those uncounted convictions.

Counsel also evaluates whether Persico could challenge the reasonableness of his prison sentence. But counsel has not identified any reason to disregard the presumption of reasonableness applicable to sentences within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court thoroughly addressed the sentencing factors in § 3553(a) and acknowledged that Persico has the support of his family, but the court also noted his extensive involvement in the lengthy conspiracy. Thus, counsel is correct that a reasonableness challenge would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.